UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MELISSA SAMBROOKS. <br><br> *Plaintiff*, <br><br> v. <br><br> APPLE COMPUTER, INC. d/b/a "THE APPLE STORE" <br><br> *Defendant*. | Civil Action No. 4:24-cv-119 <br> Jury Demanded |

## ORIGINAL COMPLAINT

COMES NOW Melissa Sambrooks ("Sambrooks" or "Plaintiff") and complains of Apple Computer, Inc. d/b/a "The Apple Store" ("Apple" or "Defendant") as follows:

### NATURE OF THE CASE

1. Plaintiff complains that she was discriminated against regarding the terms and conditions of his employment and ultimately terminated because of her race and religion, in violation of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981 as well as the Texas Commission on Human Rights Act (TCHRA).

### JURISDICTION AND VENUE

2. Defendant Apple is subject to jurisdiction in Texas because it has multiple physical locations in Texas, regularly conducts business in Texas, and thus has systematic and continuous contacts with Texas subjecting it to general jurisdiction in Texas. In addition, the conduct complained of happened in Houston, Texas. Venue is appropriate in the Southern District of Texas, Houston Division because a substantial amount of the

events giving rise to this suit occurred in Harris County, Texas and because Plaintiff resides in Harris County, Texas.

3. The Court has subject matter jurisdiction because Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; 42 U.S.C. § 1981. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367 because those claims are so related to his federal claims that they form part of the same case.

## PARTIES

4. Plaintiff is a natural person residing in Harris County, Texas, and may be contacted and served through the undersigned counsel.

5. Defendant Apple is a California corporation doing business in Texas and may be served with process through its registered agent, C T CORP SYSTEM, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

## STATEMENT OF FACTS

6. Sambrooks began working at Apple store R437 in Houston, Texas in 2012 and had a stellar employment history. Up until her wrongful termination, Sambrooks had a long list of praise from customers. Beginning in 2014, however, she began experiencing a campaign of harassment and discrimination based on her race (white) and her Jewish faith and ethnicity.

7. For example, on February 16, 2014, a Muslim employee named "Raafia" was aware that Sambrooks was Jewish and was consistently rude to Sambrooks and another employee named Mike Rosen, who was also Jewish. There was a sit-down meeting with a manager to discuss this matter, after numerous altercations with Raafia. Raafia, speaking

of the Jewish employees, said she was sick of "dealing with their kind". The manager at the time was aware of the statement. Sambrooks also believes she notified Human Resources of the incident. Nothing was done to address the situation or remedy the discriminatory behavior.

8. In another shocking message from an employee who would go on to become an Apple manager, Sambrooks was accused (because she is white) of being "unable to empathize" with persons of color and accused her of the racist "white privilege" trope. This manager, Brittany Randolph (who was friends with the Anti-Semite, Raafia), further told Sambrooks that for every protest over racism, that "there are **10, 20, 30 acts of violence carried out by people who look like you against people who look like me** [and other Apple employees who were persons of color]". Sambrooks complained about the racist treatment she received from Apple to the human resources department, but her complaints fell on deaf ears.

9. The harassment and discrimination progressed in the early part of 2023, when a group of coworkers and several managers initiated a case against me following an unintentional "misuse of pronouns" (by calling a coworker "she" when she wanted to be called "they/them") to a coworker named "Tabitha". "Tabitha" now identifies as "Misha" and presents themselves as "non-binary" and also identified as a feline (as in, a cat). Misha's behavior involved purring and meowing in response to coworkers and customers.

10. Sambrooks, who is Jewish, does not believe that human beings can change sex, can be referred to as a "they / them", or change species, such as becoming a cat. Fully aware of this, Apple store management used this as a rather transparent attempt to create

pretextual reason to build a case to terminate Sambrooks, when the real reason was racially, ethnically, and religiously motivated.

11. The abuse was so bad that the above-referenced Apple Store personnel and their friends would literally throw products at Sambrooks in front of customers while laughing as a means to humiliate her.

12. Sambrooks continued to suffer a pattern of abuse and harassment motivated by racial hatred and Anti-Semitism. Non-Jewish and Non-White persons who were less qualified and less tenured received promotions and favorable treatment while Sambrooks was ostracized and marginalized. Sambrooks, who is over 60 years old and who has medical problems, was ultimately terminated under the false pretext of "Apple policies". In reality, her termination was due to racial and Anti-Semitic reasons cloaked under the guise of "policy".

13. Sambrooks suffered substantial economic and non-economic damages as a result of Apple's discriminatory conduct.

## CAUSES OF ACTION

### Count 1: VIOLATION OF 42 U.S.C. §1981 (RACE DISCRIMINATION)

14. Plaintiff reincorporates all preceding paragraphs by reference.

15. 42 U.S.C. § 1981 states, in relevant part, that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State...to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens...". Defendant violated Plaintiff's rights by engaging in discrimination against her because of her race and/or Jewish ethnicity and treating her a demonstrably worse fashion

because of her race than a similar situated non-Jewish and/or non-white person in the terms and conditions of her employment, including in terminating her. Defendant is liable to Plaintiff for all damages allowed under law, including all economic, compensatory, and exemplary damages, attorney fees, court costs, and pre- and post-judgment interest at the highest rates allowed by law.

## Count 1:  VIOLATION OF TITLE VII (RACE AND RELIGION DISCRIMINATION)

16. Plaintiff reincorporates all preceding paragraphs by reference.

17. Defendant violated Plaintiff's rights by engaging in discrimination against her because of her race and/or Jewish ethnicity and religion and treating her a demonstrably worse fashion because of her race and/or religion than a similar situated non-Jewish and/or non-white person in the terms and conditions of her employment, including in terminating her. Defendant is liable to Plaintiff for all damages allowed under law, including all economic, compensatory, and exemplary damages, attorney fees, court costs, and pre- and post-judgment interest at the highest rates allowed by law under Title VII.

## Count 3:  DISCRIMINATION AND RETALIATION UNDER THE TEXAS COMMISSION ON HUMAN RIGHTS ACT

18. Plaintiff reincorporates all preceding paragraphs by reference.

19. The conduct of the Defendant towards Plaintiffs, through their agents, employees, managers, and supervisors, as set forth above, among other activities constitutes discrimination on the basis of race and religion, in direct violation of §21.001, et. seq., Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that:

"An employer commits an unlawful employment practice if...the employer...discriminates against an individual...or...classifies an employee...in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee."

20. Plaintiff's race and religion were determining or motivating factors in Defendant's employment decisions regarding Plaintiff, including the decision to terminate Plaintiff's employment. Plaintiff's race and religion moved Defendants toward their decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

21. In addition, Defendant retaliated against Plaintiff for making discrimination complaints and for otherwise opposing race and religious discrimination by the employer. See Texas Labor Code §21.055. Plaintiff's discrimination complaints were a determining or motivating factor in Defendant's employment decisions regarding Plaintiff, including the decision to terminate Plaintiffs' employment.

## CONDITIONS PRECEDENT

22. All conditions precedent to Plaintiff's claims have occurred or have been waived.

## JURY DEMAND

23. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

    a. awarding actual damages;

    b. mental anguish damages;

    c. awarding reasonable attorney's fees;

    d. exemplary damages;

    e. pre-and post-judgment interests and costs; and

    f. all other relief to which Plaintiff is entitled in law or equity.

Dated:  January 10, 2023.

                                Respectfully submitted,

                                CAMARA & SIBLEY LLP

                                /s/ Joseph D. Sibley
                                Joseph D. Sibley
                                State Bar No. 24047203
                                sibley@camarasibley.com
                                Camara & Sibley LLP
                                1108 Lavaca St
                                Suite 110263
                                Austin, Texas 78701
                                Telephone: (713) 966-6789
                                Fax: (713) 583-1131

                                **ATTORNEYS FOR PLAINTIFF**